

**PROVIDENT LAW**

R. Ryan Womack, SBN 029573
David K. Korn, SBN 039733
16100 N. 71st Street, Suite 350
Scottsdale, AZ 85254
Telephone: (480) 388-3343
Facsimile: (602) 753-1270
For E-Service and Court Use Only: fileclerk@providentlawyers.com
*Attorneys for Defendant Lucky7th LLC*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| FERNANDO MANCILLA,<br><br>                    Plaintiff,<br><br>vs.<br><br>ULTIMATE FITNESS GROUP, LLC d/b/a ORANGETHEORY FITNESS, AUSTIN FITNESS GROUP, LLC, and LUCKY7TH LLC,<br><br>                    Defendant. | Case No. CV-24-00568-TUC-RM (JR)<br><br>**DEFENDANT LUCKY 7TH LLC'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>(Assigned to the Honorable Rosemary Márquez) |

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Lucky 7th, LLC ("Lucky 7th") does hereby file its Motion to Dismiss Plaintiff Fernando Mancilla's Complaint against Lucky 7th for failure to state a claim (the "Motion"). Defendant Lucky 7th confirms the parties met and conferred regarding the issues asserted in this Motion, as required by Local Rule 12.1(c). This Motion is supported by the following memorandum of points and authorities.

## MEMORANDUM OF POINTS AND AUTHORITIES

This Motion should be granted, and the causes of action against Lucky 7th should be dismissed, because Plaintiff failed to allege sufficient facts to entitle him to relief.

**I.    ALLEGATIONS IN THE COMPLAINT**

Plaintiff alleged the following:

**Factual Allegations**

- "Defendants texted and called Mancilla at least 25 times between October 11, 2021, and July 30, 2024. Mancilla twice told Defendants to "Stop" on October 12, 2021, and September 26, 2023. Those text messages and calls are as follows:

    ix.    SMS on October 4, 2022 at 3:55 pm UTC from 602-698-1714

    xxi.    SMS on October 12, 2023 at 3:19pm UTC from 602-842-4893"

(Complaint at ¶14).

- "Lucky7th most likely sent the text messages from 602-698-1714. This is the phone number for the Orangetheory Fitness Phoenix-Midtown fitness studio, which is owned by Lucky7th." (Complaint at ¶19).

- "Lucky7th most likely sent the text message from 602-842-4893. The text message says it is from Orangetheory Fitness Phoenix-Midtown, which is owned by Lucky7th." (Complaint at ¶20).

- "Lucky 7th violated 47 C.F.R. § 64.1200(d) by initiating, or causing to be initiated, calls to Mancilla and members of the IDNC Lucky7th Subclass without instituting the requisite telemarketing procedures required by 47 C.F.R. § 64.1200(d)." (Complaint at ¶73).

PROVIDENT LAW

- "Mancilla and members of the IDNC Lucky7th Subclass have been damaged and are entitled to an award of $500 in statutory damages for each call after making a stop request. 47 U.S.C. § 227(c)(5)." (Complaint at ¶74).

- "Lucky 7th violated 47 C.F.R. § 64.1200(d)(2) by initiating, or causing to be initiated, telephone solicitations to Mancilla and members of the NDNC Lucky7th Subclass while their phones were on the NDNC." (Complaint at ¶83).

- "Mancilla and members of the NDNC Lucky7th Subclass have been damaged and are entitled to an award of $500 in statutory damages for each violation. 47 U.S.C. § 227(c)(5)." (Complaint at ¶84).

## II.   ARGUMENT

Plaintiff's third and sixth cause of action against Lucky 7th should be dismissed because Plaintiff fails to state a claim for relief.[1] To survive a Fed. R. Civ. P. 12(b)(6) motion

---

[1] Plaintiff also failed to state a claim for relief because his third and sixth causes of action do not incorporate all prior allegations into each cause of action. In a 12(b)(6) motion, the court considers each cause of action individually when determining if the plaintiff alleged sufficient facts to state a claim for relief. *See Day v. DB Cap. Grp., LLC*, No. CIV.A. DKC 10-1658, 2011 WL 887554, at *10 (D. Md. Mar. 11, 2011)(In a 12(b)(6) motion to dismiss a complaint alleging different causes of action against individual defendants, "each count must be considered individually"). Prior allegations are not incorporated into a cause of action unless they are explicitly referenced. *See* Fed. R. Civ. P. 10 (A statement in a pleading *may* be adopted *by reference* elsewhere in the same pleading")(emphasis added). The court may not assume "the [plaintiff] can prove facts that [her or she] has not alleged." *Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters*, 459 U.S. 519 (1983). Therefore, because Plaintiff failed to incorporate prior allegations into his third and sixth cause of action, each is comprised solely of ¶73- ¶75, and ¶83-¶85 respectively.

In support of his third and sixth cause of action, Plaintiff alleges two legal conclusions: [1] that Lucky 7th violated 47 C.F.R. § 64.1200(d) by initiating calls to Plaintiff without instituting the requisite telemarketing procedures, and [2] that Lucky 7th violated 47 C.F.R. § 64.1200(c)(2) by initiating telephone solicitations to Plaintiff while his phone number was on the National Do Not Call registry. The court is not required "to accept as true allegations that are merely conclusory. . .." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because he failed to incorporate prior allegations into his causes of action, Plaintiff alleges no factual allegations in support of his legal conclusion. Therefore, because bare legal conclusions with no supporting factual allegations cannot overcome a 12(b)(6) motion, Plaintiff's third and sixth cause of action must be dismissed.

to dismiss, a complaint must contain sufficient facts that, if accepted as true, state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted). The factual allegations must sufficiently cross the line from merely "conceivable" to a level "plausibly suggesting" that the plaintiff is entitled to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). FRCP 12(b)(6). The court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

**A.    Plaintiff's Sixth Cause of Action Fails to State a Claim for Relief Because Defendants Ultimate Fitness Group, LLC and Austin Fitness Group, LLC Did Not Send Plaintiff Solicitations on Behalf of Lucky 7th.**

Plaintiff's sixth cause of action fails to state a claim for relief because Defendants Ultimate Fitness Group, LLC, and Austin Fitness Group LLC did not send Plaintiff solicitations on Lucky 7th's behalf. To state a claim for sending a solicitation to a phone number on the NDNC, in violation of 47 U.S.C. § 227(c), "a plaintiff must plead that (1) he or she received multiple calls within twelve months, (2) the calls were by or on behalf of the same entity, and (3) the calls were to a residential phone registered on the National Do-Not-Call List." *Gutman v. Liberty Bankers Life Ins. Co.*, No. CV 24-8076 (ZNQ) (RLS), 2025 WL 615128, at *4 (D.N.J. Feb. 26, 2025) (citing *Deleo v. Nat'l Republican Senatorial Comm.*, No. 221CV03807BRMESK, 2021 WL 5083831, at *6 (D.N.J. Nov. 1, 2021); *Camunas v. Nat'l Republican Senatorial Comm.*, Civ. No. 21-1005, 2021 WL 2144671, at *4 (E.D. Pa. May 26, 2021)).  Merely alleging "'Defendant initiated multiple telephone calls

4

to Plaintiff,' and 'Defendant repeatedly solicited plaintiff'" is insufficient to overcome a motion to dismiss. *Gutman*, 2025 WL 615128, at *4.

Here, Plaintiff failed to allege he received multiple calls within twelve months from or on behalf of the same entity. In fact, Plaintiff went to great lengths to attribute each of the alleged solicitations to the individual Defendant who presumably sent it. Plaintiff alleged the solicitations from 737-225-8909, 737-881-7727, and 520-300-9585 were sent by and advertised studios owned by Austin Fitness Group. The Solicitations from 737-881-7727 were sent by and advertised OTF Corporate. Lastly, the solicitations from 602-698-1714, and 602-842-4893 were sent by and advertised Lucky 7th's Phoenix Midtown studio. The contents of the alleged solicitations further demonstrate they were sent on behalf of the individual Defendants.[2] Thus, only the solicitations from 602-698-1714, and 602-842-4893 were sent from or on behalf of Lucky 7th.

Plaintiff alleged he received communications (texts) from Lucky 7th **only on two occasions**, October 4th, 2022, and October 12, 2023, *12 months and 8 days apart*. (Complaint at ¶14). Each text explicitly identified they were sent by and for the benefit of Luck 7th's Phoenix Midtown studio. Therefore, because Plaintiff failed to allege Lucky 7th sent him two texts, in violation of 47 C.F.R. § 64.1200, within a 12-month period, Plaintiff's sixth cause of action fails to state a claim for relief.

**B.    Plaintiff's Third Cause of Action Fails to State a Claim for Relief Because Plaintiff Did Not Send Lucky 7th a Do-Not-Call Request.**

Plaintiff's third cause of action fails to state a claim for relief because Plaintiff did not send Lucky 7th a do-not-call request. Telemarketers must honor a residential subscriber's do-not-call request. 47 C.F.R. 64.1200(d)(5). "[A] residential subscriber's do-not-call request

---

[2] *See* Complaint at ¶14, ix and xxi, ("Join the Orangetheory Fitness Phoenix family", "Hi, this is Monica from Orangetheory Fitness Phoenix-Midtown")(advertising Lucky 7th); *See* Complaint at ¶14, iv-viii, x-xiii, xx, xxii, xxiii-xxv ("This is Chayse with Orangetheory Tucson Central", "as the regional fitness manager of OTF Tucson", "OTF Tucson Central has been missing you")(advertising OTF Tucson Central, owned by Austin Fitness Group, LLC).

shall [only] apply . . . to affiliated entities . . [if] the consumer reasonably would expect them to be included given the identification of the caller and (for telemarketing calls) the product being advertised." 47 C.F.R. 64.1200(d)(5).

Here, Plaintiff alleged the texts he received from Lucky 7th violated 47 C.F.R. 64.1200(d)(5) because Lucky 7th failed to institute the requisite telemarketing procedures. Plaintiff asserts Lucky 7th failed to institute procedures for maintaining a list of persons who request not to receive telemarketing because Plaintiff received calls and text messages after he asked "them" to stop multiple times. However, Plaintiff's prior allegations prove Lucky 7th is not part of the "them" to which Plaintiff sent his request.

On October 12th, 2021, Plaintiff replied "Stop" to 737-225-8909, and 737-811-7727. He immediately received a Response from Austin Fitness Group, stating "You will no longer receive msgs from Austin Fitness Group." Plaintiff acknowledged that Austin Fitness Group, not Lucky 7th, controls 737-225-8909, and 737-811-7727. Plaintiff did not allege Lucky 7th and Austin Fitness Group are affiliates. Therefore, because Lucky 7th did not receive a do-not-contact request it did not and could not have violated 47 C.F.R. 64.1200(d)(5).

Plaintiff's bare assertion that he understood and expected his stop requests would opt him out of all text messages from all Orange Theory Studio is insufficient to overcome a 12(b)(6) motion. Plaintiff alleges no facts in support of the claim that a consumer would reasonably conclude Lucky 7th and Austin Fitness Group are affiliate entities. To the contrary, Plaintiff alleges he sent a stop text to two phone numbers he knew were controlled by Austin Fitness Group. He immediately received a response text stating he was unsubscribed from messages from Austin Fitness Group. Therefore, because a reasonable person would not conclude that they unsubscribed from Austin Fitness Group, they had unsubscribed from Lucky 7th in Phoenix, Plaintiff failed to allege Lucky 7th and Austin

6

Fitness Group are affiliate entities. Because they are not affiliate entities, Lucky 7th did not receive a do-not-contact request. Because Lucky 7th did not receive a do-not-contact request, Plaintiff failed to allege sufficient facts to support its legal conclusion that Lucky 7th failed to institute the telemarketing procedures required under 47 C.F.R. 64.1200.

## III.    CONCLUSION

Plaintiff's third and sixth cause of action against Lucky 7th fail to state a claim for relief because Defendants Austin Fitness Group, LLC and OTF Corporate did not send Plaintiff solicitations on Lucky 7th's behalf. Plaintiff also failed to allege a reasonable person would conclude Austin Fitness Group and Lucky 7th are affiliates. The solicitations Plaintiff did allege Lucky 7th sent were not sent within a 12-month period. Therefore, because Plaintiff fails to state a claim for relief against Lucky 7th, the Motion should be granted and the causes of action against Lucky 7th should be dismissed with prejudice.

**DATED** this 13th day of June 2025.

**PROVIDENT LAW®**

*/s/ R. Ryan Womack*
R. Ryan Womack, Esq.
David K. Korn, Esq.
16100 N. 71st Street, Suite 350
Scottsdale, AZ 85254
*Attorneys for Defendant Lucky7th LLC*

**COPY** filed and delivered to
the following parties via ECF:

*[Signatures on the Following page]*

KELLEY DRYE & WARREN LLP                    [ECF]
Kenneth O. Corley
515 Post Oak Blvd., Suite 900
Houston, TX 77027
kcorley@kelleydrye.com
*Attorney for Defendant Ultimate Fitness Group*
*d/b/a Orangetheory Fitness*

Becca J. Wahlquist (pro hac vice forthcoming)    [ECF]
350 South Grand Avenue, Suite 3800
Los Angeles, CA 90071
bwahlquist@kelleydrye.com
*Courtesy Copy*

Karissa N. Murphy, Esq.                     [ECF]
The HQ Firm, P.C.
7533 S. Center View Ct. #4424
West Jordan, UT 84084
Karissa.murphy@thehqfirm.com
*Attorney for Plaintiff*

Courtney L. Henson                          [ECF]
SNELL & WILMER LLP
One South Church Avenue, Suite 1500
Tucson, Arizona 85701-1630
*chenson@swlaw.com*
*Attorneys for Defendant*
*Austin Fitness Group, LLC*

*/s/ Jezelle Olivares*